UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WILLIAM GORE, et al.,<br><br>　　　　　　　　　　Defendant. | Case No.: 16-cv-02947-H-MDD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Doc. No. 23] |

On December 1, 2016, Petitioner Pedro Rodriguez, a state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his November 10, 2016 state court conviction. (Doc. No. 1.) On February 8, 2017, Respondent filed a motion to dismiss. (Doc. No. 23.) On February 23, 2017, Petitioner filed an opposition to the motion to dismiss. (Doc. No. 28.) After careful consideration, the Court grants the motion to dismiss and dismisses the petition without prejudice.

**Procedural History**

On November 10, 2016, Petitioner Pedro Rodriguez, a state prisoner, was convicted by a jury in San Diego County Superior Court of sodomy of a person under the age of eighteen in violation of Cal. Penal Code § 286(b)(1); oral copulation of a person under the

age of eighteen in violation of Cal. Penal Code § 288a(b)(1); burglary in violation of Cal. Penal Code § 459; unlawful sexual intercourse with a person under the age of eighteen in violation of Cal. Penal Code § 261.5(c); witness intimidation in violation of Cal. Penal Code § 136.1(b)(1); communication with a minor with the intent to commit a sexual offense in violation of Cal. Penal Code § 288.3(a); and meeting a minor with the intent to commit a sexual offense in violation of Cal. Penal Code § 288.4(b). (Doc. No. 1 at 1–2.) The trial court sentenced Petitioner to thirteen years and eight months in state prison. (Doc. No. 1 at 1.)

On December 1, 2016, Petitioner filed in federal court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his November 10, 2016 state court conviction. (Doc. Nos. 1 at 1–2, 1-2 at 2–3.) On December 2, 2016, Petitioner filed a notice of appeal from his November 10, 2016 state court conviction in the Fourth District California Court of Appeal, Division One in case number D071405. (Doc. No. 23-1, Ex. A.) The record on appeal was filed on January 26, 2017, and the case is awaiting briefing. Id. By the present motion, Respondent moves to dismiss the petition on the basis of Younger abstention. (Doc. No. 23.)

## Discussion

### I.   Legal Standards

Under traditional principles of comity and federalism, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 45–46 (1971); Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). These concerns are especially important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. Sherwood v. Tompkins, 716 F.2d 632, 634 (9th Cir. 1983). Absent extraordinary circumstances, abstention under the Younger principle is required when: (1) state judicial proceedings are ongoing, (2) the state proceedings

implicate important state interests, and (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding, and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves. San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008). If Younger abstention applies, a court may not retain jurisdiction but should dismiss that action. Juidice v. Vail, 430 U.S. 327, 337 (1977); see H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000) ("When the case is one in which the Younger doctrine applies, the case must be dismissed.").

When exceptions or extraordinary circumstances exist, a district court may exercise jurisdiction even when the criteria for Younger abstention are met. See Baffert v. California Horse Racing Board, 332 F.3d 613, 621 (9th Cir. 2003). Exceptions to abstention under the Younger doctrine include state proceedings conducted in bad faith or to harass the litigant, and when the statute at issue flagrantly and patently violates express constitutional prohibitions in every clause, sentence and paragraph. Id. (citing Younger, 401 U.S. at 53).

**II.   Analysis**

Here all of the Younger criteria are satisfied. First, at the time Petitioner filed the instant Petition, his criminal case was and still is currently pending in state court. (Doc. No. 1 at 2.) Thus state judicial proceedings are ongoing. Second, state criminal proceedings involve important state interests. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) (citing Younger, 401 U.S. at 44–45) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the consideration that should influence a court considering equitable types of relief.") Third, Petitioner is not barred from litigating his federal constitutional issues in state court. Fourth, the present petition threatens to interfere with

the state criminal proceedings in a manner that Younger disapproves by inserting federal court oversight into an ongoing state criminal proceeding.

Abstention is appropriate here because the present petition satisfies all four elements of Younger abstention.  Further, Petitioner has failed to show that exceptions or extraordinary circumstances exist which would require interference.[1]  Because this is a case in which the Younger doctrine applies, the Court must dismiss the petition.  See Juidice, 430 U.S. at 337; see e.g., Espinoza v. Montgomery, 107 F. Supp. 3d 1038, 1041 (N.D. Cal. 2015) (dismissing petition for writ of habeas corpus on the basis of Younger abstention where the petitioner's direct appeal was pending in the state court).  Accordingly, the Court grants the motion to dismiss, and dismisses the Petitioner's § 2254 petition for habeas corpus without prejudice pursuant to Younger abstention.[2]

**IT IS SO ORDERED.**

DATED: February 27, 2017

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[1] The standard for the bad faith exception to Younger abstention is that the prosecution was brought without a reasonable expectation of obtaining a valid conviction.  Baffert, 332 F.3d at 621.  Petitioner cannot meet that standard.  Furthermore, the Court notes that a claimed constitutional violation "does not, by itself, constitute an exception to the application of Younger abstention." Id.

[2] Additionally, a federal court shall not grant an application for a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim, or (2) by showing that at the time the petitioner files the habeas petition in federal court no state remedies are available to the petitioner.  Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).  In habeas corpus cases, "federal courts may consider *sua sponte* whether the defendant has exhausted state remedies." Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992) (citing Granberry v. Greer, 481 U.S. 129, 134 (1987)).

Petitioner has not exhausted the remedies available to him in the state courts.  Petitioner's direct appeal is currently pending in state court.  Petitioner has not provided the highest state court with an opportunity to rule on the merits of the claim nor has he shown that there are no state remedies available to him at this time.  Accordingly, the petition is also dismissed for failure to exhaust.

4
16-cv-02947-H-MDD